J-S08020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD L. FLOYD | |
| Appellant | No. 1688 EDA 2014 |

Appeal from the PCRA Order of May 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.:      CP-51-CR-0636031-1981
CP-51-CR-0813701-1981
CP-51-CR-1034391-1981

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED FEBRUARY 17, 2015**

Harold Floyd challenges the May 27, 2014 order dismissing as untimely his serial petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq*.  We affirm.

The PCRA court has provided the following brief account of the factual and procedural history underlying this case:

> Floyd was found guilty after a jury trial of two counts each of robbery, [possessing instruments of crime], criminal conspiracy, and one count of aggravated assault . . . on November 19, 1981.[1]  After post-sentence motions were denied, Floyd was sentenced . . . to serve a[n aggregate] term of thirty[-]five to

---

[1]  ***See*** 18 Pa.C.S. §§ 3701, 907, 903, 2701, respectively.

seventy years' imprisonment on May 11, 1982.[2] Floyd appealed the judgment of sentence and the Superior Court affirmed the judgment of sentence on October 12, 1984. The Supreme Court denied *allocatur* on April 18, 1985.

Thereafter, Floyd filed multiple unsuccessful petitions for post-conviction relief. Floyd's first post-conviction relief petition was denied on February 21, 1989, and upon appeal, the Superior Court affirmed the lower court's decision on October 18, 1989. The Pennsylvania Supreme Court denied *allocatur* on April 3, 1990. Floyd filed his second post[-]conviction relief petition, which was dismissed, and no appeal was taken. Floyd filed his third petition, and the petition was dismissed on June 14, 2000. On February 16, 2001, the Superior Court dismissed his appeal of the lower court's decision due to Floyd's failure to file a brief. Floyd filed a [petition for a] writ of *habeas corpus* on December 15, 2003, which the PCRA court treated as his fourth PCRA petition,[3] and the court dismissed that petition as untimely on June 29, 2004. The Superior Court later affirmed that decision on August 9, 2005. No further appeal was filed.

Floyd filed his current post[-]conviction petition on May 11, 2012. After conducting an extensive and exhaustive review of the record and applicable case law, this [c]ourt determined that Floyd's petition for post[-]conviction collateral relief was untimely filed and on May 27, 2014, this [c]ourt issued an order

_____

[2]   In the only dockets that are available to us in the certified record, Floyd's convictions are listed as having been entered on the same date as his May 11, 1982 sentencing. Whether the PCRA court or the docket are incorrect in their indication regarding the entry of the verdict against Floyd are of no moment in the instant appeal.

[3]   As correctly noted by the trial court, the PCRA in its present incarnation took effect on April 13, 1988. Accordingly, Floyd's post-conviction petition filed before that date invoked the Post-Conviction Hearing Act, the PCRA's predecessor. None of the temporary complications introduced into the assessment of timeliness in the wake of the repeal and replacement bear upon our analysis in the instant case. ***See*** PCRA Court Opinion, 9/3/2014, at 2 n.1.

dismissing Floyd's *pro se* PCRA petition.[4]  Floyd thereafter filed a *pro se* notice of appeal.

PCRA Court Opinion ("P.C.O."), 9/3/2014, at 1-2 (nomenclature modified; footnote omitted).[5]

Before this Court, Floyd raises the following issues:

1.    Did the lower court err when denying Floyd an evidentiary hearing on the issues relating to material and genuine facts that can only be ascertained by a full and fair hearing?

2.    Did the lower court abuse its discretion by denying a hearing to ascertain whether Floyd was denied fundamental fairness and due process in that trial, appellate, and PCRA counsel were constitutionally ineffective under the Sixth Amendment to the United States Constitution?

3.    Did the lower court commit reversible error by ruling that the claims raised by Floyd did not trigger an exception to the PCRA time limit?

Brief for Floyd at iii (minor modifications for clarity).

In dismissing Floyd's latest PCRA petition as untimely, the PCRA court necessarily determined that it lacked jurisdiction to review the claims set forth in that petition. ***See Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011).  Consequently, we must begin by reviewing the

---

4    The PCRA court filed the necessary twenty-day notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on February 11, 2014.

5    The PCRA court did not order Floyd to file (and Floyd did not file) a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The court filed its excerpted September 3, 2014 opinion in satisfaction of Pa.R.A.P. 1925(a).

jurisdictional question implicated in Floyd's third issue, which we find dispositive, rendering Floyd's remaining issues moot.[6]

It is well-established that the PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the claims asserted. *Leggett*, 16 A.3d at 1145 (Pa. Super. 2011); *Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000), *abrogated on other grounds*, 943 A.2d 264 (Pa. 2008). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d at 203; *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Despite facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in subsection 9545(b) of the PCRA, which provides as follows:

> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

---

[6]    We review a PCRA court's ruling to determine whether it is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

> laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)     the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2)     Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b). When an appellant files a facially untimely petition under the PCRA, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny the appellant relief. *Gamboa-Taylor*, 753 A.2d at 783. Moreover, as reflected in the plain language of section 9545, even when one of the exceptions may apply to a given petition, it will excuse the untimeliness only if the petition was filed within sixty days of the date that the conditions underlying the exception came to light. *Id.* at 784.

It is undisputed that Floyd's petition is facially untimely, having been filed nearly twenty-seven years after Floyd's sentence became final.[7] Floyd

---

[7]     Floyd's judgment of sentence was entered on May 11, 1982. After this Court affirmed the judgment of sentence on October 12, 1984, Floyd sought allowance of appeal before our Supreme Court, which denied review on April 18, 1985. Floyd's judgment of sentence became final ninety days later, when his opportunity to seek review in the United States Supreme Court expired. At that time, the one-year time limit within which to file a PCRA
*(Footnote Continued Next Page)*

cites three recent cases in asking this Court to apply the subsection 9545(b)(1)(iii) new constitutional right exception to the time bar, *Martinez v. Ryan*, 132 S.Ct. 1309 (U.S. 2012), *Lafler v. Cooper*, 132 S.Ct. 1376 (U.S. 2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (U.S 2012), each of which implicates the standard of conduct imposed upon trial counsel in advising his or her client regarding the consequences of entering a guilty plea.   None of these cases support Floyd's invocation of subsection 9545(b)(1)(iii).

As noted, *supra*, subsection 9545(b)(1)(iii) provides an exception to the PCRA's one-year time bar when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  The exception is properly invoked only when the petitioner files his petition within sixty days of the issuance of the opinion in question.  42 Pa.C.S. § 9545(b)(2).  Floyd meets this last criterion as to all three cases:  He filed his petition on May 11, 2012, fewer than sixty days after the decisions issued in *Martinez* (March 20, 2012), *Lafler* (March 21, 2012), and *Frye* (March 21, 2012).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

petition began to run, and it expired on or about July 17, 1986. *Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) (citing 42 Pa.C.S. § 9545(b)(3); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998)).

However, to successfully invoke the exception Floyd also must establish that the right at issue is a new constitutional right that has been held to apply retroactively. *Commonwealth v. Feliciano*, 69 A.3d 1270, 1276 (Pa. Super. 2013).

Floyd's invocation of *Martinez* is substantively unavailing, because this Court has held that it establishes ground only for relief under federal law, not the PCRA. In *Martinez*, the Supreme Court of the United States recognized that, for purposes of federal *habeas corpus* relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings **may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial**." 132 S.Ct. at 1315. However, we have held that, "[w]hile *Martinez* represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA." *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013). Consequently, *Martinez* does not establish a rule, new or otherwise, that bears upon his claims.

With regard to *Lafler* and *Frye*, in *Feliciano* this Court rejected the proposition that either *Lafler* or *Frye* created a new constitutional right:

> [W]e disagree with Appellant that *Frye* and *Lafler* created a new constitutional right. "The right to effective assistance of counsel during the plea bargaining process has been recognized

for decades." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280 (Pa. Super. 2013) (citing ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985) (holding that "the two-part ***Strickland*** . . . test[8] applies to challenges to guilty pleas based on the ineffective assistance of counsel"); ***Padilla v. Kentucky***, 559 U.S. 356, 364 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." (internal quotation marks omitted))). In ***Frye***, the United State Supreme Court merely clarified that this well-established right "extends to the negotiation and consideration of plea offers that lapse or are rejected." 132 S.Ct. at 1404 (emphasis added). In other words, the ***Frye*** Court held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." ***Id.*** at 1408. In determining whether counsel has satisfied this obligation, the two-part test set forth in ***Strickland*** applies.[3] ***See id.*** at 1409.

---

[3] That test requires that a defendant show that counsel (1) had no reasonable basis for their actions or inactions, and (2) the defendant suffered prejudice as a result of counsel's conduct. In Pennsylvania, our Supreme Court has added one additional component to the ***Strickland*** test, requiring that a defendant also prove that the underlying claim has arguable merit. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012).

\* \* \* \*

It is apparent that neither ***Frye*** nor ***Lafler*** created a new constitutional right. Instead, these decisions simply applied the Sixth Amendment right to counsel, and the ***Strickland*** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on ***Frye*** and ***Lafler*** in an attempt to satisfy the timeliness exception of [sub]section 9545(b)(1)(iii) is unavailing.

---

[8] ***See Strickland v. Washington***, 466 U.S. 668 (1984).

***Feliciano***, 69 A.3d 1270 at 1276-77 (citations modified; footnotes omitted).

In short, ***Martinez*** offers Floyd no quarter because we have held that it promulgated a rule that applies only to federal *habeas corpus proceedings*. And ***Lafler*** and ***Frye*** did not individually or collectively instantiate a new constitutional rule, as must be the case to invoke subsection 9545(b)(1)(iii) for relief from the PCRA's time bar. Inasmuch as Floyd proffers no other relevant basis upon which to forgive the facial untimeliness of the PCRA petition at issue in the instant case, the PCRA court clearly did not err in deeming Floyd's petition untimely and concluding that it lacked jurisdiction to consider the merits of Floyd's claims.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2015